# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| YULIN LI, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ALBERTO GONZALES, United States Attorney General; EMILIO T. GONZALEZ, Director, U.S. Citizenship & Immigration Services; GERARD HEINAUER, Director, USCIS Nebraska Service Center; and ROBERT S. MUELLER, Director, Federal Bureau of Investigation, <br><br> Defendants. | No. 06-CV-177-LRR <br><br><br> **ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is the Motion to Dismiss ("Motion") (docket no. 5), which was filed by Defendants Michael Chertoff, Alberto Gonzalez, Emilio T. Gonzalez, Gerard Heinauer and Robert S. Mueller ("Defendants").

## *II. PROCEDURAL BACKGROUND*

On December 8, 2006, Plaintiff Yulin Li filed a "Complaint for Writ in the Nature of Mandamus and Declaratory Judgment" ("Complaint"). Plaintiff is proceeding in this matter *pro se*.[1] The gist of Plaintiff's Complaint is that Defendants have improperly delayed processing his I-485 immigration application.

---

[1] Because Plaintiff is proceeding pro se, the court construes the Complaint liberally, even though it is inartfully pled. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

On February 9, 2007, Defendants filed the instant Motion, pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 23, 2007, Plaintiff filed a Resistance. On March 2, 2007, Defendants filed a Reply.

### III. STANDARD AND SCOPE OF REVIEW UNDER RULE 12(b)(6)

#### A. Standard of Review

The district court may dismiss a claim if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, the court is required to view the allegations in the complaint in the light most favorable to the nonmoving party. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). The court accepts all the factual allegations in the plaintiff's complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing in part *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)). The court may "dismiss the case only when it appears beyond [a] doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Mo. River Sys. Litig.*, 418 F.3d at 917 (internal quotations omitted). "The issue is not whether the plaintiff will ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984). Thus, "as a practical matter, [dismissal under Rule 12(b)(6) is likely to be granted] only in the unusual case in which a plaintiff includes allegations that show, on the face of the [complaint], that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

#### B. Scope of Review

Generally, a court reviewing a motion to dismiss only considers the factual allegations in the Complaint. *See, e.g., Riley v. St. Louis County of Mo.*, 153 F.3d 627, 629 (8th Cir. 1998). If the court considers matters outside the Complaint, it will treat the

motion to dismiss as a motion for summary judgment under Rule 56.  Fed. R. Civ. P. 12(b).  Upon converting a motion to dismiss into a motion for summary judgment, however, the court is required to afford "all parties . . . reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.*; *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000).

In the Motion, Defendants rely upon extrinsic evidence, that is, evidence outside of the four corners of the Complaint.  The extrinsic evidence consists of two affidavits from government officials.  Further, Defendants ask the court to convert the Motion into a motion for summary judgment.  In the Motion, Defendants expressly state: "Plaintiff's suit should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted in Defendants' favor under Rule 56 . . . ."  Brief in Support of Motion (docket no. 5-2), at 3.

In his Reply, Plaintiff objects to Defendants' use of extrinsic evidence and asks the court to either deny the Motion or "provide [him] with an opportunity to supplement the record and to challenge the declarations through depositions and other discovery where appropriate."  Resistance (docket no. 6-1), at 4.

Rule 12(b) provides Plaintiff precisely the relief he requests.  When a defendant attempts to convert a motion to dismiss into a motion for summary judgment, the plaintiff "shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(b).  Failure to provide a plaintiff with such an opportunity is error and is reversible on appeal unless it is shown that the error was harmless.  *See, e.g., Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).

Accordingly, the court shall deny the Motion with leave to refile as a motion for summary judgment at a later date, after Plaintiff has had the opportunity to conduct discovery.  Pursuant to United States Magistrate Judge Jon Stuart Scoles's Order (docket no. 9), dated April 4, 2007, the parties' Scheduling Order and Discovery Plan is due on

3

or before July 20, 2007.

## *IV. CONCLUSION*

For the foregoing reasons, Defendants' Motion (docket no. 5) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 13th day of July, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

4